# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| STEFANI BUTLER, | ) |
|  | ) |
| **Plaintiff,** | ) |
|  | ) |
| v. | ) Case No. 24-cv-1134 (APM) |
|  | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
|  | ) |
| **Defendants.** | ) |
|  | ) |

## ORDER

Defendant District of Columbia moves to partially dismiss Plaintiff Stefani Butler's Amended Complaint. Def.'s Partial Mot. to Dismiss the Am. Compl. [hereinafter Def.'s Mot.], Mem. in Support of Def.'s Mot., ECF No. 17 [hereinafter Def.'s Mem.]. Specifically, the District seeks dismissal of Plaintiff's: (1) retaliation claims under Title VII and the D.C. Human Rights Act ("DCHRA") (Counts III and IV) for failure to plead an adverse action and a causal nexus, *id.* at 5–8; (2) Fair Labor Standards Act (FLSA) wage claims (Counts VI and VII) on the grounds those claims are untimely, *id.* at 8–10; and (3) retaliation under the FLSA (Count VII) because she did not sufficiently notify her employer that her complaint asserted her rights under the FLSA, *id.* at 10–11. The court grants the motion in part and denies it in part.

*Retaliation – Title VII and DCHRA.* The court agrees that Plaintiff has not made out plausible Title VII and DCHRA retaliation claims because she has not sufficiently pleaded an adverse action. A retaliation claim must rest on acts that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (cleaned up). "Typically, a materially adverse action . . . involves

a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Bridgeforth v. Jewell*, 721 F.3d 661, 663 (D.C. Cir. 2013) (cleaned up).

Plaintiff alleges that, following her complaints, her supervisor began to "exclude [her] from trainings, emails, and strategy meetings to support her role with the agency." Am. Compl., ECF No. 16, ¶ 36. Nowhere, however, does she explain how those alleged exclusionary acts affected a "significant *change* in employment status." *Bridgeforth*, 721 F.3d at 663 (emphasis added). Her assertion that her supervisor would reprimand her for not having knowledge of what occurred at the meetings, Am. Compl. ¶ 38, does not, without more, convert these episodes of exclusion into actionable adverse actions. Perhaps if Plaintiff had pleaded more facts about the consequences of these exclusionary acts, she could have made out a plausible retaliation claim. As pleaded, however, the complaint falls short.

*Wage Claim – FLSA.* The D.C. Circuit "repeatedly" has cautioned that courts "should hesitate to dismiss a complaint on statute of limitations grounds based solely on the face of the complaint." *Firestone v. Firestone*, 76 F.3d 1205, 1209 (D.C. Cir. 1996) (citations omitted). Heeding that warning, the court declines to dismiss Plaintiff's FLSA wage claims on limitations grounds. Viewing the well-pleaded facts in the light most favorable to Plaintiff, it is plausible that Defendant's failure to pay wages due was "willful." *See* Am. Compl. ¶ 64 (alleging that her supervisor taunted her about withheld pay and paid others similarly situated). Therefore, the three-year limitations period applies to her claims, making them timely at this stage. *See* 29 U.S.C. § 255(a).

*Retaliation – FLSA.* According to Defendant, Plaintiff's FLSA retaliation claim must be dismissed because her wage complaint did not sufficiently identify the FLSA as its basis. Def.'s Mem. at 10–11. The court disagrees.

"To fall within the scope of the [FLSA's] antiretaliation provision, a complaint must be sufficiently clear and detailed for a reasonable employer to understand it, in light of both content and context, as an assertion of rights protected by the statute and a call for their protection." *Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 14 (2011). Plaintiff's wage complaint met that standard, at least at this stage. Two days before her termination, Plaintiff asserted, among other things, that her employer owed her overtime and that "[o]vertime shall be paid in accordance with Title XVII and the Fair Labor Standards Act of 1938, approval June 25, 1938 (52 stat. 1060; 29 U.S.C. § 201 et seq.)." Am. Compl. ¶ 67. That is a "sufficiently clear and detailed . . . assertion of rights" under the FLSA to trigger the statute's anti-retaliation protections.

Accordingly, for the foregoing reasons, Defendant's motion is granted in part and denied in part.

Dated: November 19, 2024

Amit P. Mehta
United States District Court Judge

3